**Shana WONG, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 04–73284.
Agency No. A77–293–057.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 7, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Thankful T. Vanderstar, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM***

Shana Wong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the determination that Wong has not experienced persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). Substantial evidence also supports the conclusion

*** This disposition is not appropriate for publication and may not be cited to or by the

that Wong does not have a well-founded fear of persecution. After moving to the city, Wong, along with her mother and sister, attended church on a regular basis without incident. Moreover, Wong's mother and sister continue to practice their faith in China unharmed. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (stating that continual presence of similarly-situated family members and applicant's practice of faith without incident undercuts claim of persecution).

Because Wong failed to establish the threshold showing that she experienced past persecution, or that she has a well-founded fear of persecution, we do not reach the secondary question of whether that persecution was "on account of" her membership in a particular social group. *See Diaz–Escobar v. INS,* 782 F.2d 1488, 1494 (9th Cir.1986).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

